UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NEIL ELBERT GUERIN, JR.,
WILLIE EVANS, JR.,
SHANICE LEGAIR,
TONI GAD,

      Plaintiffs,

v.

HEALTH INSURANCE ALLIANCE, LLC,
MARK PALTEROVICH,

      Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs NEIL ELBERT GUERIN, JR. ("Guerin"), WILLIE EVANS, JR. ("Evans"), SHANICE LEGAIR ("Legair"), and TONI GAD ("Gad") bring this action against Defendants, HEALTH INSURANCE ALLIANCE, LLC ("HIA") and MARK PALTEROVICH ("Palterovich"), and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, HIA was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Palterovich is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of HIA, ran the day-to-day operations and had operational control over HIA, and was

directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

5. HIA's business involves telemarketing insurance sales.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, HIA's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. HIA was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. At all times material hereto, Guerin engaged in interstate communication on a regular and recurrent basis including but not limited to telephone with customers in Georgia, South Carolina, North Carolina, Ohio, Louisiana, Kentucky, New York, New Jersey, Connecticut and many other places.

10. Guerin engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

11. At all times material hereto, Evans engaged in interstate communication on a regular and recurrent basis including but not limited to telephone with customers in Georgia, South Carolina, North Carolina, Ohio, Louisiana, Kentucky, New York, New Jersey, Connecticut and many other places.

12. Evans engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

13. At all times material hereto, Legair engaged in interstate communication on a regular and recurrent basis including but not limited to telephone with customers in Georgia, South Carolina, North Carolina, Ohio, Louisiana, Kentucky, New York, New Jersey, Connecticut and many other places.

14. Legair engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

15. At all times material hereto, Gad engaged in interstate communication on a regular and recurrent basis including but not limited to telephone with customers in Georgia, South Carolina, North Carolina, Ohio, Louisiana, Kentucky, New York, New Jersey, Connecticut and many other places.

16. Gad engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

17. Guerin worked for Defendants as a sales agent.

18. Evans worked for Defendants as a sales agent.

19. Legair worked for Defendants as a sales agent.

20. Gad worked for Defendants as a sales agent.

21. Defendants failed to pay Guerin's full and proper overtime wages.

22. Defendants failed to pay Evans' full and proper overtime wages.

23. Defendants failed to pay Legair's full and proper overtime wages.

24. Defendants failed to pay Gad's full and proper overtime wages.

25. Defendants failed to maintain accurate timekeeping practices and records of hours worked as required by the FLSA.

26. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

27. Attached as **Exhibit A** is a preliminary calculation of Guerin's claims. These amounts may change as Plaintiff engages in the discovery process.

28. Attached as **Exhibit B** is a preliminary calculation of Evans' claims. These amounts may change as Plaintiff engages in the discovery process.

29. Attached as **Exhibit C** is a preliminary calculation of Legair's claims. These amounts may change as Plaintiff engages in the discovery process.

30. Attached as **Exhibit D** is a preliminary calculation of Gad's claims. These amounts may change as Plaintiff engages in the discovery process.

31. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

32. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-31 above as if set forth herein in full.

33. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

34. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791